McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYCE CARTER STUDEBAKER,<br><br>Defendant. | CASE NO. 2:19-CR-00052-TLN<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: August 6, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Troy L. Nunley |

This case is set for status conference on August 6, 2020. ECF No. 37. By this stipulation, as set forth in more detail below, the parties, represented by undersigned counsel, seek to reschedule that status conference to September 3, 2020, and to exclude time under the Speedy Trial Act to that date for the purpose of calculating the date by which a trial in this matter must commence. Additionally, the parties hereby inform the Court that, at the defendant's request, the parties are in the final stages of a negotiated transfer of this matter, pursuant to Rule 20, from the Eastern District of California to the District of South Carolina. That transfer has been tentatively approved by the United States Attorneys in each district, and the parties expect it to become final before September 3, 2020. The transfer includes the defendant's agreement to sign a guilty plea before the transfer is filed, which he has done. However, in the event that the transfer does not become final and the defendant elects to dispose of the charges in the Indictment by trial in this district, he and his counsel will require additional time to prepare, supporting the parties' request for a time exclusion under Local Code T4, in addition to the other reasons set forth herein relating to the General Orders issues by the Court to address the Covid-19 pandemic.

As the Court is aware, in approximately the third week of March 2020, the global Covid-19 pandemic caused closures of courthouses and other public facilities across the nation and in the Eastern District of California.  As of the time of this writing, that pandemic continues unabated in the United States.  On May 13, 2020, the Chief Judge of this District issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on August 6, 2020. ECF No. 37.

2. By this stipulation, defendant now seeks to continue the currently scheduled status conference to September 3, 2020, at 9:30 a.m., and exclude time between August 6, 2020, and September 3, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case is significant and includes digital copies of substantial search warrant results of a social media account, video recordings, investigative reports, and physical items seized during the execution

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE
AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

3

of a search warrant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Although the parties are engaged in discussions concerning a Rule 20 transfer of this matter to another federal district for final disposition, as well as plea discussions, it remains possible that this matter will proceed to trial in this district, in which case defense counsel will require additional time to review discovery and advise the defendant.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance or time exclusion.

   e) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because at this time, the defendant does not consent to proceed to a felony change of plea hearing using videoconferencing or telephone conferencing pursuant to General Order 614.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 6, 2020 to September 3, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

Dated: August 3, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ANDRÉ M. ESPINOSA
ANDRÉ M. ESPINOSA
Assistant United States Attorney

Dated: August 3, 2020

/s/ LEXI NEGIN
LEXI NEGIN
Counsel for Defendant
BRYCE CARTER STUDEBAKER

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 4th day of August, 2020.

_____
Troy L. Nunley
United States District Judge